FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 3 0 2005

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

STEVEN MONTGOMERY,

      Plaintiff,

v.

METROPOLITAN LIFE INS. CO.,

      Defendant.

CIVIL ACTION

NO. 4:04-CV-42-RLV

O R D E R

This action, alleging wrongful denial of disability insurance benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., is before the court on the plaintiff's "Motion For Statutory Penalties under 29 U.S.C.A. § 1132(C)(1)"[Doc. No. 76].

## I. Procedural Background

The court summarized the pertinent facts of this case in a prior order dated October 6, 2005 [Doc. No. 75]. In this court's prior order, the court dismissed as moot the defendant's motion to strike certain exhibits that were submitted by the plaintiff in response to the defendant's motion for summary judgment. Furthermore, the court remanded the plaintiff's claim for benefits to the defendant for further consideration so that the plaintiff would "have the opportunity to respond to the evidence that the defendant withheld during the process of the plaintiff's appeal." In arriving at this conclusion, the court

examined 29 U.S.C. § 1133, regarding a "full and fair review," and the corresponding Department of Labor regulation, 29 C.F.R. § 2560.503-1(h)(2). In its prior order, the court concluded that the defendant had "failed to provide the plaintiff with a full and fair administrative review of the plaintiff's claim"; violating both 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2)(iii).

In the plaintiff's current motion for statutory penalties under 29 U.S.C. § 1132(c)(1), the plaintiff argues that statutory penalties and attorneys fees are warranted under 29 U.S.C § 1132(c)(1) "based on the Court's specific finding that [the defendant] harmed [the plaintiff] by violating [the plaintiff's] right to a full and fair review of his claim." In its brief in response to the plaintiff's motion, the defendant presents five arguments why statutory penalties are inappropriate in this case: (1) the plaintiff's claim for statutory penalties and attorney fees is not properly before this court since the plaintiff never made a claim for statutory penalties in his Complaint; (2) a violation of 29 U.S.C. § 1133 does not authorize a penalty under 29 U.S.C. § 1132(c)(1); (3) the defendant is not a plan administrator and is therefore not an entity subject to a penalty under 29 U.S.C. § 1132(c)(1); (4) the information requested by the plaintiff is not information that is the subject to the requirements of 29 U.S.C. § 1132(c)(1); and (5) attorney fees are not recoverable under 29 U.S.C. § 1132(c)(1) or at this stage in the litigation.

### III. Legal Analysis

The court has been unable to find, and the parties have not submitted, any Eleventh Circuit precedent that directly controls the issues presented by plaintiff's present motion. Thus, it would appear that the issues presented by the plaintiff's motion are questions of first impression in the Eleventh Circuit. Without Eleventh Circuit precedent guiding the court, the court's analysis of plaintiff's current motion begins with a reading of the statue in question. 29 U.S.C. § 1132(c)(1) provides:

> (1) Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title or section 1021(e)(1) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's <u>discretion</u> be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court <u>may in its discretion order such other relief as it deems proper</u>.(emphasis added)

A plain reading of the text of the statute clearly reflects that the court is given discretion in determining whether a particular remedy such as statutory penalties or "other relief as it deems proper" is an appropriate remedy given the facts of a particular case.

The plaintiff argues that given the court's previous findings, the court should use its discretion to award such penalties and attorneys fees. However, the court disagrees for a number of reasons.

3

First among the reasons why this court will not award statutory penalties and/or attorney fees is that the plaintiff never brought a claim in his Complaint for such damages. The plaintiff concedes in his reply brief that he did not set forth a separate claim in his Complaint under 29 U.S.C. § 1132(c)(1). The plaintiff states, "There is case law supporting [the defendant's argument] that such relief must be brought as a separate claim. There is also case law supporting [the plaintiff's] argument." However, the plaintiff has not directed this court to any such precedent. Nor could the court find any case law to support the plaintiff's position.[1]

Even if this court were to assume, without deciding, that the plaintiff's motion for statutory penalties is properly before this court and that defendant is a proper party and is subject to such statutory penalties, the court would still deny the plaintiff's motion. Even if this court were to find that violations of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2)(iii) fall within the scope of 29 U.S.C. § 1132(c)(1), the court concludes that 29 U.S.C. § 1132(c)(1) does not provide for penalties and attorney fees on a strict liability basis. Without Eleventh Circuit precedent mandating that such penalties be awarded, the court is unwilling to exercise its discretion to award such

---

[1] In a footnote of plaintiff's reply brief, the plaintiff states: "Plaintiff respectfully urges the Court to eliminate the need for the parties to go through yet another round of motions and briefs." The court agrees. Considering the analysis that follows in this order, the plaintiff's filing of a motion for leave to amend his complaint and/or an amended complaint would be unnecessary.

penalties. Lastly, the court will not exercise is discretion, if it has power under 29 U.S.C. § 1132(c)(1) to do so, to award attorney fees.

In a prior order dated October 6, 2005, the court fashioned an equitable remedy for the defendant's violations of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2)(iii) based on clearly established Eleventh Circuit case law. In the current motion and accompanying briefs, neither party argues that the court's prior remand of this matter to the administrator was an inappropriate remedy for violations of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2)(iii). In fact, the plaintiff in his reply brief admitted that remand to the administrator is an appropriate remedy in this case [Doc. No. 82, Pg. 4]. Given these facts, the court finds that the award of further remedies would be inappropriate.

Furthermore, the court could find no precedent for the proposition that 29 U.S.C. § 1132(c)(1) penalties are available for violations of 29 U.S.C. § 1133. Even if this court were to assume that relief could be afforded under 29 U.S.C. § 1132(c)(1) for a violation of 29 U.S.C. § 1133, a plain reading of the 29 U.S.C. § 1132(c)(1) reveals that penalties under this statute are not assessed on the basis of strict liability. Rather, statutory penalties are assessed at the court's discretion. Having previously granted an appropriate remedy, i.e., remand to the administrator, the court concludes that statutory penalties are not an appropriate remedy in this case for a violation of 29 U.S.C. § 1133.

Next, the court must determine whether statutory penalties under 29 U.S.C. § 1132(c)(1), can be assessed for the defendant's violation of 29 C.F.R. § 2560.503-1(h)(2)(iii). This regulation requires a plan administrator to provide documents to a beneficiary upon request.[2] In his reply brief, the plaintiff correctly notes that there is a split among courts in the Eleventh Circuit and even within the Northern District of Georgia as to whether the statutory penalties under 29 U.S.C. § 1132(c)(1) can be awarded for a violation of one of the provisions of 29 C.F.R. § 2560.503-1. The Eleventh Circuit has not spoken on this issue, and other courts in this district have reached

---

[2] 29 C.F.R. § 2560.503-1(h)(2) titled "Full and fair review" states:
> Except as provided in paragraphs (h)(3) and (h)(4) of this section, the claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures--
> (i) Provide claimants at least 60 days following receipt of a notification of an adverse benefit determination within which to appeal the determination;
> (ii) Provide claimants the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits;
> (iii) Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section;
> (iv) Provide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

6

differing results on similar issues. See Brucks v. Coca-Cola Co., 391 F. Supp.2d 1193 (N.D. Ga. 2005)(declining to award statutory penalties for a failure to provide documents other than those identified in 29 U.S.C. § 1132(c) itself.) Cf. Hamall-Desai v. Fortis Benefits Ins. Co., 370 F. Supp.2d 1283, 1311-15 (N.D. Ga. 2004)(awarding statutory penalties under 29 U.S.C. § 1132(c) for failure to provide the claimant with certain medical reviewers' opinions and its training and procedural materials in violation of 29 C.F.R. § 2560.503-1(g)).

Having considered plaintiff's argument, the court declines to exercise any discretion it might have to award statutory penalties in this case for a violation of 29 C.F.R § 2560.503-1(h)(2)(iii) for two reasons. First, the court finds that the information requested by the plaintiff and not produced by the defendant is not information that is the subject of 29 U.S.C. § 1132(c)(1). Second, the court concludes that even if this court had the discretion to award statutory penalties under 29 U.S.C. § 1132(c)(1), the court would not exercise its discretion given the fact that the court already provided the plaintiff with an appropriate remedy, i.e., remand.

29 U.S.C. § 1132(c)(1), by its plain language, addresses only an administrator's failure or refusal to provide information "which [the] administrator is required by this subchapter to furnish to a participant or beneficiary."

> The section's phrase "under this subchapter" (i.e. ERISA) clearly embraces an administrator's failure or refusal to provide the documents identified in Section 1024, namely "the latest updated summary plan description, and the latest

7

annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. See 29 U.S.C. § 1024(b)(4).

Brucks, 391 F. Supp.2d at 1211.

The court in Brucks went on to conclude that the source of the obligation of an administrator to provide a plaintiff with copies "relevant" or "pertinent" to a claim is outside the statue. The court in Brucks stated, "To the extent claims-related documents are required to be provided, the obligation arises by federal regulation," citing to 29 C.F.R. § 2560.503-1(g). This court agrees. 29 C.F.R. § 2560.503-1 does not provide for strict liability for violations, nor does the regulation impose a per-diem fine for violations.

In this case, the court previously concluded that certain items were improperly withheld during the plaintiff's appeal process, i.e., the copy of the video tape of the surveillance and the methodology and source material used to construct the plaintiff's employability assessment. The court concludes that the above items and document were "relevant" or "pertinent" to the plaintiff's claim for benefits and his appeal of the defendant's initial denial of his claim. Therefore, the court concludes that the items withheld do not fall within the parameters of "any information such administrator is required by this subchapter to furnish . . ." of 29 U.S.C. § 1132(c), but instead falls within the scope of the regulations.[3] The analysis in Brucks is

---

[3] For support for the proposition that statutory penalties are appropriate, the plaintiff cites to Daughtrey v. Honeywell, Inc.,

8

persuasive on this issue:

> [The plaintiff] does not cite, nor the court is aware of, any decision of the Eleventh Circuit addressing whether a failure to provide documents "pertinent" or "relevant" to a claim for benefits under 29 C.F.R. § 2560.503-1(g) or its current equivalent constitutes a failure to provide information "required by this subchapter" under Section 1132(c). . . . In the absence of Eleventh Circuit authority on this issue, the Court declines to rewrite Section 1132(c) to authorize statutory penalties against an administrator for failure to provide documents other than those identified in the statute itself.

Brucks, 391 F. Supp.2d at 1211-12.

This court agrees.[4] Without clear Eleventh Circuit precedent mandating the award of statutory penalties for a violation of the regulation in question, this court is unwilling to exercise any discretion it might have to award statutory penalties for a violation of 29 C.F.R. § 2560.503-1(h)(2)(iii).

---

3 F.3d 1488, 1494-1495 (11th Cir. 1993), where the Eleventh Circuit reversed this court for declining to impose statutory penalties for the defendant's failure to provide a benefits statement in violation of 29 U.S.C. § 1025. However, this case is distinguishable from Daughtrey. Unlike Daughtrey, this court's prior ruling in this case centered around the defendant's failure to produce documents that were "relevant" and/or "pertinent" to the plaintiff's benefits claim and not documents that must be produced pursuant to 29 U.S.C. § 1133(c)(1).

[4] Even if this court were to conclude that Hamall-Desai was correctly decided solely on the issue of whether 29 U.S.C. § 1132(c)(1) statutory penalties can be awarded for violations of 29 C.F.R. § 2560.503-1(g), a plain reading of 29 U.S.C. § 1132(c)(1) indicates that the award of statutory penalties 29 U.S.C. § 1132(c)(1) are not automatically granted on a strict liability basis. Rather as this court has previously stated, the 29 U.S.C. § 1132(c)(1) provides the court with the discretion to award statutory penalties or other such relief that it deems proper.

### III. Conclusion

For the above reasons, the plaintiff's "Motion for Statutory Penalties under 29 U.S.C.A. § 1132(C)(1)" is DENIED [Doc. No. 76].

SO ORDERED, this 30TH day of November, 2005.

*Robert L. Vining, Jr.*
ROBERT L. VINING, JR.
Senior United States District Judge