FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 23 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

STEVEN MONTGOMERY,

      Plaintiff,

  v.

METROPOLITAN LIFE INS. CO.,

      Defendant.

CIVIL ACTION

NO. 4:04-CV-42-RLV

<u>O R D E R</u>

This action, alleging wrongful denial of disability insurance benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., is before the court on the plaintiff's motion for fees and expenses pursuant to 29 U.S.C. § 1132(g)(1) [Doc. No. 86].

### I. Procedural Background

The court summarized the pertinent facts of this case in a prior order dated October 6, 2005 [Doc. No. 75]. In that order, the court dismissed as moot the defendant's motion to strike certain exhibits that had been submitted by the plaintiff in response to the defendant's motion for summary judgment. Furthermore, the court remanded the plaintiff's claim for benefits to the defendant for further consideration so that the plaintiff would "have the opportunity to respond to the evidence that the defendant withheld during the process of the plaintiff's appeal." In arriving at this conclusion, the court examined 29 U.S.C. §

1133, regarding a "full and fair review," and the corresponding Department of Labor regulation, 29 C.F.R. § 2560.503-1(h)(2). In its prior order, the court concluded that the defendant had "failed to provide the plaintiff with a full and fair administrative review of the plaintiff's claim," violating both 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2)(iii).

On October 14, 2005, the plaintiff filed a motion for statutory penalties under 29 U.S.C. § 1132(c)(1) [Doc. No. 76]. In an order dated November 30, 2005, the court denied the plaintiff's motion for statutory penalties [Doc. No. 83]. In reaching this conclusion, the court emphasized that it had previously remanded the matter to the administrator for a renewed administrative review. Moreover, the court noted that 29 U.S.C. § 1132(c)(1) gave the court wide discretion in determining whether a particular remedy such as statutory penalties or "other relief as it deems proper" was an appropriate remedy given the facts of a particular case.

On December 30, 2005, the defendant filed a notice informing the court that it had completed the renewed administrative review of the plaintiff's claim and that it had decided to reinstate the plaintiff's benefits [Doc. No. 85]. The court was under the impression that the court's involvement in the case had ended and that the parties would mutually resolve the only remaining issue in the case, i.e., the plaintiff's attorney's fees.

However on April 5, 2006, the plaintiff filed a motion for attorney's fees and expenses pursuant to 29 U.S.C.A. § 1132(g)(1) [Doc. No. 86].[1] The plaintiff stated that the reinstatement of his "past-due benefits, plus interest amounted to $197,414.29." In his motion for attorney's fees, counsel for the plaintiff, J. Marcus Howard and Robert K. Finnell, state, "[T]he amount of their fees amounts to $65,490 for Mr. Howard and $33,092.50 for Mr. Finnell." Furthermore, counsel for the plaintiff stated, "Mr. Finnell's expenses in the case amount to $736.37."

## II. Legal Analysis

A district court may in its discretion award a reasonable attorney's fee and costs of the action to either party in an ERISA action pursuant to 29 U.S.C.A. § 1132(g)(1). <u>Evans v. Bexley</u>, 750 F.2d 1498, 1500 (11th Cir. 1985). 29 U.S.C. § 1132(g)(1) provides:

> (1) In any action under this subsection (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court <u>in its discretion may allow a reasonable</u> attorney's fee and costs of action to either party. (emphasis added)

As a preliminary matter, the court notes that the plain wording of 29 U.S.C. § 1132(g)(1) reflects that the court is given

---

[1] In Count II of plaintiff's Complaint, filed on February 13, 2004, the plaintiff sought attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). In his motion for summary judgment, filed on May 27, 2005, the plaintiff requested "that his costs, expenses and attorney's fees be awarded in a manner to be determined by the Court" [Doc. No. 42]. Therefore, the plaintiff preserved Count II of his Complaint.

3

discretion in determining both whether attorney's fees should be awarded to a party and whether the requested attorney's fees are reasonable. Furthermore, "[t]he law provides no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action." Wright v. Hanna Steel Corp., 270 F.3d 1336, 1344 (11th Cir. 2001).[2] In sum, 29 U.S.C. § 1132(g)(1), "does not award fees to the prevailing party outright; but rather, allows for attorney's fees for either party in accordance with the district court's discretion." McKnight v. Southern Life and Health Ins. Co., 758 F.2d 1566, 1572 (11th Cir. 1985).

The Eleventh Circuit in Freeman v. Continental Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993), instructed courts to consider the following factors in determining if the award of attorney's fees are warranted in an ERISA case:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; (5) [and] the relative merits of the parties' positions.

However, it is not necessary that a party satisfy all five

---

[2] In this case, there is a question as to whether the plaintiff is a "prevailing party." The plaintiff's benefits were reinstated by the administrator after the court remanded the matter. In fact, the court has never ruled on the merits of the plaintiff's claim for benefits.

factors in order to be awarded attorney's fees. Freeman, 996 F.2d at 1119 (noting that "[no] one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address . . . In particular types of cases, or in any individual case, however, other considerations may be relevant as well.")

In evaluating the factors articulated by Freeman, the plaintiff argues: (1) the defendant violated the law and therefore has a high degree of culpability;[3] (2) the defendant can afford to pay fees and expenses; (3) an award of fees would deter other insurers under similar circumstances; and (4) his position is presumptively meritorious because the defendant reinstated benefits after the court had required a full and fair review of the plaintiff's claim.

In response, the defendant argues that the Freeman factors weigh against an award of attorney's fees in this case. Specifically, the defendant argues, "[T]he Court never reached the merits of the case, and thus did not explicitly decide MetLife's

---

[3]The plaintiff mistakenly places great weight on the fact that the court previously found that the defendant had violated 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2)(iii). However, the plaintiff fails to mention that in this court's order dated November 30, 2005, the court concluded that remand to the administrator was the only appropriate remedy for the defendant's procedural violations. Moreover, the court notes that it never reached the issue of whether the defendant's action in initially denying the plaintiff's benefit claim had been taken in bad faith in either its October 6, 2005, or November 30, 2005, orders.

5

initial decision to deny benefits was legally correct and reasonable." The defendant continues that because "MetLife's decision was not made in bad faith, plaintiff's request for an award of attorney's fees should be denied." Next, the defendant argues that the award of attorney's fees would have little deterrent value and that the plaintiff sought individualized relief rather "than a benefit to all participants and beneficiaries of the Plan." Finally, the defendant argues that the court cannot weigh the relative merits of the parties' position because the court never reached the merits of the plaintiff's claims.

After evaluating the five <u>Freeman</u> factors, the court concludes that an award of attorney's fees is not warranted in this case.[4] In reaching this conclusion, the court placed significant emphasis on the fact that it had never reached the merits of the matter and it had never decided whether the defendant's initial decision to

---

[4] The court notes that its order dated November 30, 2005, played no role in the court's current decision to deny the plaintiff's current motion for attorney's fees. The defendant mistakenly places too much emphasis on that order. In its response, the defendant argues that the court's prior order which denied the plaintiff's motion for statutory penalties and fees should govern the court's current inquiry. However, the court's prior order, dealt exclusively with whether violations of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2)(iii), mandated the award of statutory penalties and fees pursuant to 29 U.S.C. § 1132(c)(1). However, the focus of the plaintiff's current motion is different and involves whether the award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) is warranted after the administrator reinstated the plaintiff's benefits after a remand. Therefore, the focus of the court's current inquiry is significantly different from the inquiry it engaged in when it resolved the plaintiff's motion for statutory penalties and fees pursuant to 29 U.S.C. § 1132(c)(1).

deny benefits had been made in bad faith.

In previously deciding to remand the case to the administrator for a renewed administrative review, the court rendered no judgment on whether the defendant had acted in bad faith in denying the plaintiff's claim for benefits. Instead, the court found that certain procedural guidelines, i.e., 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(h)(2)(iii), had been violated by the defendant. In remanding this action to the administrator, the court attempted to fashion an equitable remedy to address the defendant's failure to follow these procedural guidelines. However, the court never concluded that the defendant had acted in bad faith in initially denying the plaintiff benefits. Without having concluded that the defendant had acted in bad faith in denying the plaintiff's initial benefits claim, the court finds that this factor weighs against an award of attorney's fees.

Next, the court finds that it is unable to weigh the relative merits of the parties' positions because this court never reviewed the merits of this case. Prior to remanding the case to the administrator, the matter was before the court on the parties' cross motions for summary judgment. However, the court never addressed nor examined the merits of these motions. For the sake of judicial economy, the court remanded the matter to the administrator for a renewed administrative review. On remand, the plaintiff's benefits were reinstated by the administrator after the

plaintiff submitted new evidence into the administrative record. It is beyond the scope of the court's inquiry on the plaintiff's current motion for attorney's fees to speculate on how it might have ruled on the merits of this case. Having never reviewed the relative merits of the parties' positions, the court concludes that the award of attorney's fees would be inappropriate.

In evaluating the other factors, the court notes that it is undisputed that the defendant has the ability to satisfy the award of fees. Therefore, this factor is neutral. With regard to whether the award of attorney's fees would have a deterrent effect, the defendant argues, "[I]ndividual disability benefits determinations are fact-specific, and are reached on the medical and vocational evidence submitted by or on behalf of a particular claimant." The court agrees and concludes that an award of attorney's fees could not deter other claims administrators from behaving in the same fashion with respect to other disability determinations because other claims are highly individualized and fact-specific.

With regard to whether the plaintiff sought individualized relief or to benefit to all participants, the court concludes that the plaintiff sought only individualized relief. In Dixon v. Seafarers' Welfare Plan, 878 F.2d 1411, 1413 (11th Cir. 1989), the Eleventh Circuit held that where a party seeks only individual benefits, the lawsuit necessarily does not directly benefit other

8

Plan participants and beneficiaries. Since the plaintiff in this case sought to protect only his own interest, rather than those of the Plan, this factor generally tends to weigh against the award of attorney's fees.

Having weighed the five <u>Freeman</u> factors, the court concludes that an award of attorney's fees to the plaintiff would be inappropriate in this matter. Because of this determination, the court need not reach the issue of whether the fees requested are reasonable.

### III. Conclusion

For the above reasons, the plaintiff's motion for attorney's fees and expenses under 29 U.S.C.A. § 1132(g)(1) is DENIED in its entirety [Doc. No. 86]. Since there are no remaining pending motions or claims, the Clerk of the Court is directed to close this matter.

SO ORDERED, this 23rd day of May, 2006.

*/s/ Robert L. Vining, Jr.*
ROBERT L. VINING, JR.
Senior United States District Judge